UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br>In re: METROPOLITAN MORTGAGE & SECURITIES CO., INC.,<br>   Debtor(s). | Jointly Administered Under:<br>No. 04-00757-W11<br>Chapter 11 |
| In Re:<br>SUMMIT SECURITIES, INC.,<br>   Debtor(s). | |
| SUMMIT SECURITIES, INC. and METROPOLITAN MORTGAGE & SECURITIES CO., INC.,<br>   Plaintiffs,<br>v.<br>HELEN SANDIFUR,<br>   Defendant. | Adv. No. 06-80035-PCW<br><br>MEMORANDUM DECISION RE: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

PATRICIA C. WILLIAMS, Chief Bankruptcy Judge:

This is an adversary lawsuit brought by two Chapter 11 debtors, Summit Securities, Inc. and Metropolitan Mortgage & Securities Co., Inc. The debtor corporations are suing Helen Sandifur, the former wife of Paul Sandifur. Before the debtor corporations filed their petitions for relief under Chapter 11, the corporations were in large part controlled by Mr. Sandifur. In their Complaint, the debtor corporations seek a money judgment against Ms. Sandifur, alleging that she was the beneficiary of a number of preferential and fraudulent transfers that should be set aside under applicable bankruptcy and state law.

MEMORANDUM DECISION RE: . . . - 1



FILED

JUN - 8 2006

T.S. McGREGOR, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

Ms. Sandifur filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Bankr. P. 7012(b). In deciding her motion, the Court must accept as true all of the allegations of the debtor corporations' Complaint. In other words, the corporations' cause of action should not be dismissed unless it appears, beyond a doubt, that the corporations can prove no set of facts in support of the claim entitling them to relief. *Conley v. Gibson*, 355 U.S. 41 (1957). Specifically, the motion asks the Court to rule as a matter of law that the second cause of action in the Complaint, as it relates to two of the many transfers, is barred by the applicable statute of limitations.[1]

The first transfer at issue is evidenced by a check dated July 30, 2001 from Metropolitan Mortgage & Securities Co., Inc. payable to Ms. Sandifur in the amount of $450,000. The notation on the Metropolitan's records refers to the transfer of "Div-Partial Redemption of Stock National Summit Corp." The check cleared the bank on August 2, 2001. The second transfer at issue is evidenced by a check dated February 11, 2002, from an affiliate of the debtor corporations. The check was payable to Ms. Sandifur in the amount of $1,620,000. The notation in the debtor corporations' records states "I/C Repurchase of Common Shares." The Complaint does not state when the check was honored by the issuing bank. When a transfer of funds occurs by check, the date that the check was honored by the bank is the date the transfer occurred. *Barnhill v. Johnson*, 503 U.S. 393 (1992). For the purpose of the Court's analysis, the Court will assume that the second transfer occurred on February 11, 2002, the earliest possible date of transfer.

The debtor corporations allege that the two transfers are avoidable under 11 U.S.C. § 544(b), which is commonly referred to as the trustee's "strong arm powers." A Chapter 11 debtor shares these powers with the Chapter 7 Trustee by virtue of 11 U.S.C. § 1107(a). Under §§ 544(b) and 1107(a), a Chapter 11 debtor, like a Chapter 7 Trustee, is granted the same rights as a creditor to set aside transfers under applicable non-bankruptcy law. Here, the relevant non-bankruptcy law is WASH. REV. CODE § 19.40 (1988), *et. seq.*, Washington's codification of the Uniform Fraudulent

---

[1] The motion originally sought dismissal of the complaint's third cause of action. At oral argument, counsel agreed the third cause of action was not relevant to the only two transfers now at issue.

MEMORANDUM DECISION RE: . . . - 2

Transfer Act. Specifically, in their second cause of action, the debtor corporations allege recovery under WASH. REV. CODE §§ 19.40.041(a)(2) and 19.40.051(a) (1988).[2]

Causes of action under these two statutory provisions are limited by WASH. REV. CODE § 19.40.091(b) (1988) which states that any cause of action based upon WASH. REV. CODE § 19.40.041(a)(2) or .051(a) (1988) is extinguished "within four years after the transfer was made." Thus, the applicable non-bankruptcy law, upon which the debtor corporations rely contains a four-year statute of limitations measured from the date of the transfer.

In this case, the transfers occurred on August 2, 2001 and February 11, 2002. To be timely, actions based upon WASH. REV. CODE § 19.40.041(a)(2) or .051(a) (1988) must have been brought before August 2, 2005, as to the first transfer, and before February 11, 2006, as to the second transfer. The debtor corporations' lawsuit against Ms. Sandifur was commenced on February 2, 2006, the date on which it was filed. Fed. R. Bankr. P. 7003. Accordingly, the cause of action seeking to set aside the August 2, 2001, transfer extinguished before the lawsuit was commenced. Conversely, the cause of action based upon the February 11, 2006 transfer was timely.

The debtor corporations' second cause of action does not rely solely on state law. It also

---

[2]Former WASH. REV. CODE § 19.40.041(a)(2) (1988) states:

"(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation . . . ."

Former WASH. REV. CODE § 19.40.051(1) (1988) states:

"(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation."

MEMORANDUM DECISION RE: . . . - 3

includes claims based upon the "strong arm powers" of § 544(b). For causes of action based upon § 546(b), the applicable statute of limitations is stated in § 546, which provides:

>   (a) . . . may not be commenced after the earlier of–
>
>   (1) the later of–
>
>   (A)  2 years after the entry of the order for relief; or
>
>   (B)  1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
>   (2) the time the case is closed or dismissed.

11 U.S.C. § 546. Here, the debtor corporations' bankruptcy cases have not been closed or dismissed. No Chapter 11 Trustee has been appointed. The inquiry thus narrows to the applicability of § 546(a)(1)(A). If the applicable non-bankruptcy law extinguishes a cause of action after the bankruptcy is commenced, but before the limitation period in § 546(a)(1)(A), which statute of limitation is applicable?

The right of a debtor-in-possession or trustee to exercise strong arm powers does not exist prior to the commencement of a bankruptcy proceeding. Strong arm powers under § 544(b) are substantive rights granted by the Bankruptcy Code and come into existence with the filing of the bankruptcy petition. Absent commencement of a bankruptcy case, these plaintiffs would not have rights under WASH. REV. CODE § 19.40 (1988). The rights sought to be exercised under the Complaint's second cause of action are substantive bankruptcy law rights. The statute of limitation under § 546(a) is the substantive law that controls.

>   If the state law limitations period governing a fraudulent transfer action has not expired at the commencement of a bankruptcy case, the trustee may bring the action pursuant to section 544(b), provided that it is commenced within the section 546(a) limitations period.

4 Collier on Bankruptcy, Section 546.02(1)(b) (L. King 15th ed. 1989).

In *In re Mahoney, Trocki & Associates, Inc.*, 111 B.R. 914 (Bankr. S.D. Cal. 1990), the court reached the conclusion – § 546(a) is the applicable statute of limitation although it applied the pre-1994 version of § 546(a). The focus of a statute of limitation is to protect defendants from having

MEMORANDUM DECISION RE: . . . - 4

to defend against stale claims. However, the ability of a trustee to recover property for the bankrupt estate's benefit is a congressional goal intended to be accomplished by the Code. Absent the § 546(a) two-year period, that power could be diminished if the trustee fails to immediately determine what potential claims may be brought for the recovery of assets, particularly early in the bankruptcy. Such a result would contravene the broad powers Congress has granted to the trustee under § 544. *In re Dry Wall Supply, Inc.*, 111 B.R. 933 (D. Colo. 1990).

A trustee has two years to pursue the cause of action if the state law cause of action has not expired and a bankruptcy proceeding has not been commenced. Even though the state law cause of action may expire after the filing of the petition, but before the two-year limitation in 546(a), the two-year limit in § 546(a) is applicable.

## CONCLUSION

The bankruptcy petition was filed February 4, 2004, and this adversary lawsuit was commenced February 2, 2006. The plaintiffs' claim arising under § 544(b) as to these two transfers is timely as the Bankruptcy Code, not state law, establishes the limitation period to commence an action. Ms. Sandifur's Motion for Judgment on the Pleadings, as to the debtor corporations' second cause of action, is **DENIED**.

DATED this 8th day of June, 2006.

PATRICIA C. WILLIAMS, Bankruptcy Judge

MEMORANDUM DECISION RE: . . . - 5